## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

George D. Gates,       )
    Petitioner,       )
               )
v.       )       1:07cv1212 (LO/TCB)
               )
Patricia A. Stansberry, et al.,       )
    Respondent.       )

### MEMORANDUM OPINION

George D. Gates, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the execution of his federal sentence. By Order dated March 24, 2008, respondents[1] were directed to show cause within sixty days why the petition should not be granted. On April 30, 2008, respondents submitted a response in opposition to the petition. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and on May 13, 2008, the Clerk received petitioner's reply. For the reasons that follow, petitioner's request for habeas corpus relief will be denied.

### I. Background

On February 21, 1985, petitioner was sentenced in the United States District Court for the District of Columbia to thirty years imprisonment for convictions for drug conspiracy, manufacturing a controlled substance and possession with intent to distribute a controlled substance. Pet. at 2; Resp. Ex. A, Sentence Monitoring Computation Data.[2] Petitioner was paroled from this sentence

---

[1] Respondents are Patricia A. Stansberry, Warden of the Federal Correctional Complex Petersburg, and the United States Parole Commission.

[2] The sentence was later reduced to twenty years imprisonment. Pet. at 2.

by the United States Parole Commission ("the Commission") on October 12, 1993, and was to remain on parole supervision in Maryland until January 12, 2005. Pet. at 3; Resp. Ex. B, Parole Certificate. On or about September 23, 1998, while on parole, petitioner was arrested in New York by the Drug Enforcement Administration. Pet. At 3; Resp. Ex. C. Petitioner was released on bond on September 30, 1998.

On November 24, 1998, the Commission issued a warrant ("the parole violator warrant") charging petitioner with violating the conditions of his parole release. Pet. at 3; Resp. Ex. D. The Commission provided instructions to the United States Marshals Service, along with the parole violator warrant and the warrant application, concerning the circumstances under which the warrant was to be executed. The instructions, which were located on a cover memorandum, read as follows:

> Please assume custody as soon as possible or when located. NOTE: If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. Do not execute the warrant if the parolee is released on bond. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

Resp. Ex. E (first emphasis in original; second emphasis added).

On December 15, 1998, a United States Probation Officer informed the Commission that he had attempted to contact petitioner, but that his whereabouts were unknown. Resp. Ex. F, Supplemental Violation Report. This officer informed the Commission that, on November 20, 1998, the United States District Court for the Southern District of New York had issued a bench warrant for the arrest of petitioner for violating the conditions of his pre-trial release. Id.[3] On December 22,

___

[3] Petitioner asserts that the district judge, the Honorable Lawrence M. McKenna, did not issue a bench warrant against him. Although petitioner is correct that Judge McKenna did not issue the bench warrant, the magistrate judge, the Honorable Douglas Eaton, ordered a bench warrant for petitioner on November 20, 1998. See Resp. Ex. F, United States v. Gates, No. 1:98-mj-2254-01,

1998, the Commission supplemented the warrant to reflect an additional charge of failing to report a change in residence. Resp. Ex. G. Then, on July 14, 1999, in connection with the pending criminal drug charges, the United States District Court for the Southern District of New York issued an arrest warrant for petitioner. See United States v. Gates, No. 1:98cr1496-LMM-2, Docket Entry No. 21 (S.D.N.Y. July 14, 1999). The United States Marshals Service took petitioner into custody from his home in Maryland on October 27, 1999. Prisoner tracking documents generated by the United States Marshals Service suggest that petitioner was arrested pursuant to both the Commission's November 28, 1998 parole violator warrant and the July 14, 1999 criminal arrest warrant issued by the Southern District of New York. Resp. Ex., Prisoner Tracking System Reports. The Commission's official parole file for petitioner, however, does not contain a return of the parole violator warrant by the United States Marshals Service, as would be customary.

On November 17, 1999, petitioner appeared for a detention hearing in the Southern District of New York, at which time, he was ordered detained. Subsequently, he was convicted of conspiracy to distribute cocaine and was sentenced on March 19, 2001 to 120 months of imprisonment to be followed by eight years of supervised release. According to the sentencing computation data for petitioner's present federal sentence, he received jail credit toward this sentence from September 23, 1998 through September 30, 1998 and from October 27, 1999 through March 18, 2001. Resp. Ex. A, Sentence Monitoring Computation Data. On October 18, 2001, the Commission again supplemented the parole violator warrant to reflect the new conviction. Resp. Ex. H. The Commission's parole violator warrant has been placed as a detainer against petitioner while he completes service of the sentence imposed on March 19, 2001. Resp. Ex. I, Detainer Action Letter.

---

order dated Nov. 20, 1998.

3

By letter dated June 13, 2002, the Commission informed petitioner's then-warden at the Federal Correctional Institution Fort Dix ("FCI Fort Dix") in Fort Dix, New Jersey that it would be conducting a dispositional review of its detainer pursuant to 18 U.S.C. § 4214(b)(1).[4] Resp. Ex. J. In December of 2003, petitioner filed a § 2241 petition for a writ of habeas corpus in the United States District Court for the District of New Jersey, alleging that he was taken into custody on October 27, 1999 under the parole violator warrant and that the respondents had violated his right to a prompt parole revocation hearing. See Gates v. DeRosa, et al., 1:03cv6058. While that petition was pending, the Commission issued its decision to let the detainer stand on April 5, 2004. Resp. Ex. K. On February 28, 2006, the district court rejected petitioner's claims, holding that any purported execution of the parole violator warrant was contrary to the express instructions of the Commssion, and therefore, invalid. Gates v. DeRosa, et al., 1:03cv6058, slip op. (D.N.J. Feb. 28, 2006). The court held further that the Commission's duty to conduct a revocation hearing had not yet been triggered, and that petitioner had not been deprived of due process. Id. at 6. Petitioner appealed, and on November 16, 2006, the United States Court of Appeals for the Third Circuit affirmed the judgment of the district court. Gates v. DeRosa, 206 Fed.Appx. 134 (3d Cir. 2006).

Petitioner is currently incarcerated at the Federal Correctional Institution Petersburg in Petersburg, Virginia. The Commission's parole violator warrant is to be executed when petitioner is released from his present term of imprisonment. Such release is expected to occur on July 4, 2008, pursuant to a good conduct release.

---

[4] This statute allows the Commission to conduct an "on-the-record" dispositional review to determine whether a parole violator warrant should remain as a detainer. Commission regulations provide that following such a dispositional record review, the Commission may withdraw the detainer, let the detainer stand, or may order that a revocation hearing be conducted at the institution in which the parolee is confined. See 28 C.F.R. § 2.47.

In the instant § 2241 petition for a writ of habeas corpus, petitioner alleges that he was taken into custody pursuant to the parole violator warrant on October 27, 1999. He argues that respondents have violated his due process right under <u>Morrissey v. Brewer</u>, 408 U.S. 471, 485 (1972), to a prompt revocation hearing. Respondents have filed an opposition in which they assert that the petition is subject to dismissal 1) as successive and 2) meritless because the duty to hold a revocation hearing has yet to be triggered. Petitioner has filed a reply, and this matter is ripe for determination.

## II. Analysis

Petitioner's claim has been asserted to, and adjudicated by, the United States District Court for the District of New Jersey, which dismissed petitioner's § 2241 habeas petition on the merits. <u>Gates v. DeRosa, et al.</u>, 1:03cv6058, slip op. (D.N.J. Feb. 28, 2006). The Third Circuit affirmed the district court. <u>Gates v. DeRosa</u>, 206 Fed.Appx. 134 (3d Cir. 2006). Therefore, the instant § 2241 petition is a successive petition pursuant to 28 U.S.C. § 2244(a). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 provides, in relevant part:

(a) <u>No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus</u>, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
--

(A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been

> discovered through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a), (b)(1)-(b)(3)(A) (emphasis added). Petitioner filed a § 2241 habeas petition in the United States District Court for the District of New Jersey asserting the same challenge to the parole violator warrant as asserted in the present petition. Accordingly, the question for this Court is whether § 2244 applies in the instant case to bar consideration of petitioner's claim.

Several circuit courts have discussed the application of § 2244 to § 2241 petitions following the AEDPA amendments. The Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (discussing Chambers); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence."); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. Jackson v. Morris, 8 Fed.Appx. 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (Table).

Similarly, prior to the enactment of the AEDPA amendments, several circuit courts held that

6

where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442-43 (8th Cir. 1981).  The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

Jurists in the Eastern District of Virginia have weighed in on this question as well.  In Zakiya v. Reno, 52 F.Supp.2d 629, 632-634 & n.8 (E.D.Va. 1999), Judge Brinkema held that § 2244, as amended by the AEDPA, did not bar petitioner's successive § 2241 petition raising claims that had not been addressed on the merits in petitioner's previous habeas petitions.[5]  Distinguishing Zakiya, Judge Friedman held in Flemming v. Brooks, No. 2:01cv582, 2002 WL 3248847, at * 5 (E.D.Va. June 21, 2002) (adopting the report and recommendation of the magistrate) that § 2244(a) did bar a petitioner's § 2241 successive petition alleging the same grounds as were denied on the merits by the United States District Court for the Northern District of West Virginia and the United States Court of Appeals for the Fourth Circuit.  In Singletary v. Dewalt, No. 2:04cv623, 2005 WL 1162940, at * 4 (E.D.Va. Apr. 5, 2005) (unpublished), Judge Miller made a nearly identical report and recommendation with respect to a successive § 2241 petition alleging the same grounds as were denied on the merits by the United States District Court for the District of Columbia.[6]  Although the Fourth Circuit has yet to address this issue, it has upheld a district court's order dismissing a § 2241

---

[5] The Court, however, made no distinction between § 2244(a) and § 2244(b).

[6] The district judge adopted Judge Miller's Report and Recommendation.  Singletary v. Dewalt, No. 2:04cv623, docket entry No. 9.

habeas petition as "an unauthorized second or successive motion" under § 2244(a) in an unpublished opinion. Trader v. United States, 191 F.3d 448 (4th Cir. 1999) (Table).

In light of all of the foregoing, the Court is persuaded that the successive petition doctrine embodied in § 2244(a) bars the instant petition because it alleges the same ground as was denied on the merits in petitioner's prior § 2241 petition in the District of New Jersey and the Third Circuit. Moreover, although the Court is not required to analyze whether the pre-AEDPA exception for cases in which the "ends of justice" would be served by a subsequent inquiry, the Court notes that the ends of justice do not require a subsequent inquiry in this case as petitioner has not presented any evidence to demonstrate his innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 445-54 (1986). Accordingly, the Court denies petitioner's request for habeas corpus relief.

### III. Conclusion

For the foregoing reasons, the instant petition for a writ of habeas corpus will be denied. An appropriate Order shall issue.

Entered this 23rd day of _____ May _____ 2008.

Alexandria, Virginia

_____ /s/ _____
Liam O'Grady
United States District Judge

8